IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSHUA JENSEN,**

    **Plaintiff,**

    v.                                              CASE NO. 25-3211-JWL

**JEFF ZMUDA, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this pro se civil rights case under 28 U.S.C. § 1332. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas. The Court provisionally grants Plaintiff leave to proceed in forma pauperis.

Plaintiff purports to bring this case as a class action and based on diversity jurisdiction. Plaintiff alleges that the law library at the Norton Correctional Facility ("NCF") is only accessible on evenings Monday through Friday, and one afternoon on the weekend. (Doc. 1, at 4.) Plaintiff seeks damages and to be provided "internet to lessen the burden." *Id*.

Plaintiff raised this same issue in *Jensen v. Zmuda*, Case No. 25-3191-JWL (D. Kan. filed Sept. 18, 2025). Plaintiff brought Case No. 25-3191 as a class action based on diversity jurisdiction, arguing that the NCF library is closed on weekends and five evenings per week. *Id.* at Doc. 1, at 6. Plaintiff also sought damages and internet access in that case. *Id*. On October 3, 2025, the Court entered a Memorandum and Order to Show Cause in Case No. 25-3191, finding that the case was subject to dismissal. *Id*. at Doc. 5.

The Court dismisses this matter is duplicative and as frivolous or malicious. The general policy against duplicative cases exists because:

When a pro se litigant files complaints that are repetitive, duplicative of other

1

> filings, without merit, or frivolous, he abuses the district court process. *See Werner v. Utah*, 32 F.3d 1446, 1447, 1449 (10th Cir. 1994). "[R]epetitious litigation of virtually identical causes of action may be dismissed under [28 U.S.C.] § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks omitted) (first alteration in original). "The unnecessary burden placed upon the judicial process in adjudicating these frivolous and malicious lawsuits is obvious." *Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986). "[T]here is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious . . . . No one, rich or poor, is entitled to abuse the judicial process." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam).

*Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013); *see also Erwin v. Zmuda*, 2024 WL 2768460, at *2 (10th Cir. 2024) (unpublished) (affirming dismissal as frivolous where case was duplicative of two previous complaints and stating that "repetitious litigation of virtually identical causes of action may be dismissed under [28 U.S.C.] § 1915 as frivolous or malicious") (citing *Childs*, 713 F.3d at 1265).

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** as duplicative and as frivolous or malicious.

**IT IS SO ORDERED**.

**Dated October 6, 2025, in Kansas City, Kansas.**

> S/ John W. Lungstrum
> JOHN W. LUNGSTRUM
> UNITED STATES DISTRICT JUDGE